**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

SAMMYE A RICHARDSON, MICHAEL A RICHARDSON, ET AL.,

Plaintiffs,

vs.

NINTH CIRCUIT COURT OF APPEAL, ET AL.,

Defendants.

CASE NO. 1:06cv1852 BTM

**ORDER GRANTING MOTION TO DISMISS AS TO JUDGE NAUGLE**

The United States has filed a motion to dismiss the Complaint as to the federal defendants. This order concerns the motion to dismiss as to Judge David N. Naugle only. For the reasons discussed below, the motion to dismiss the Complaint against Judge Naugle is **GRANTED** and Judge Naugle is dismissed from this case.

## I. BACKGROUND

In the Bankruptcy Case No. 02-10465-A-7, Adv. No. 06-1287, Plaintiffs filed a complaint against defendants including the Ninth Circuit Court of Appeals, Bankruptcy Court Judge Naugle, and Trustee Randell Parker. Plaintiffs assert claims of waste, fraud, abuse, criminal and non-criminal conduct, civil rights abuse, and "civil liberties abuse as an offensive response to malicious TGM-25-TGM-31 and to question court's authority, etc."

Upon review of Plaintiffs 108-page complaint, it appears that Plaintiffs allege that they

Dockets.Justia.com

are victims of repeated financial crimes perpetrated through improper bankruptcy proceedings. Specifically, Plaintiffs allege that there is a “financial crime syndicate” headed by First American Title Insurance Co (“FATCO”). (Complaint at 2.) Plaintiffs further allege that the Ninth Circuit Court of Appeals is the “judicial arm” of this crime syndicate and that the Ninth Circuit makes sure to intercept all cases that might expose FATCO’s bankruptcy crimes. (Complaint at 2, 13.)

Plaintiffs previously sued the “United States of America Eastern District Controlled Bankruptcy Court” and the “Eastern District Federal Court Jurisdiction” in Adversary Proceedings 06-1212, 06-1214, 06-1215, and 06-1198, resulting in the recusal of Judge Rimel from the adversary proceedings and the Chapter 7 cases 02-10465 and 02-10810. Judge Naugle, a Bankruptcy Judge from the Central District, was designated by Chief Judge Mary M. Schroeder, United States Court of Appeals for the Ninth Circuit, to handle the Chapter 7 cases and the adversary proceedings.

Plaintiffs allege that Judge Naugle was “planted” by Judge Shroeder to replace Judge Rimel in Bankruptcy Case Nos. 02-10465 and 02-10810. According to Plaintiffs, Judge Schroeder is using Judge Naugle to “cover up” the financial crimes and litigate from the bench. (Complaint at 2, 15.) Plaintiffs assert that Judge Naugle is disqualified because “attempts at distribution are being made by monies that does not belong to the estate but to an entity who was released from Bankruptcy on February 11-13, 2003 by a Judicial Notice ‘TGM-12.’” (Complaint at 89.)

In an order filed on December 19, 2006, reference of adversary proceeding 06-1287 was withdrawn to the district court so that issues regarding the potential disqualification of Judge Naugle could be resolved. Subsequently, Judge Moskowitz was designated to hear the motion to dismiss the complaint against Judge Naugle.

## II. <u>STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to

support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). The plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief. Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint will be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46.

## III. DISCUSSION

The United States argues that the Complaint should be dismissed as to Judge Naugle because he is entitled to judicial immunity. The Court agrees.

Plaintiffs indicate that they were never served with the "motion to dismiss as to Judge Naugle." The motion to dismiss before the Court is the United States' motion to dismiss that was filed on November 21, 2006. The United States' motion was on behalf of Judge Naugle and other federal defendants. This Court deals with the motion as it relates to Judge Naugle only. The United States filed a proof of service showing that Plaintiffs were served by mail with the United States' Motion to Dismiss and supporting papers on November 21, 2006.

Plaintiffs also complain that they did not receive this Court's Order requiring the filing of opposition papers by December 26, 2006 until December 27, 2006. However, per the Court's instructions, the Chief Deputy attempted to give Plaintiffs telephonic notice of the order on December 22, 2006, and left a message with the pertinent information at Plaintiffs' telephone number. Furthermore, Plaintiffs had ample time to file their opposition before the Court issued its order. Plaintiffs' opposition was actually due on December 20, 2006. At any rate, the Court has read and considered Plaintiffs late-filed papers, therefore, Plaintiffs have suffered no prejudice.

Moving on to the merits of the motion to dismiss, the Court finds that the motion should be granted as to Judge Naugle on the ground of judicial immunity. "Few doctrines

were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). There are only two sets of circumstances in which immunity is overcome: (1) nonjudicial actions; and (2) actions, though judicial in nature, taken in the complete absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). The Supreme Court has clearly stated that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978).

Plaintiffs claim that Judge Naugle was "planted" by Judge Schroeder and suggest that Judge Naugle will be biased as a result. Plaintiffs also take issue with rulings Judge Naugle has made in the bankruptcy case and accuse him of distributing "stolen money to barred claimants." (Complaint at 89-90.)

Plaintiffs' claims against Judge Naugle concern judicial actions he has taken as the judge presiding over Plaintiffs' bankruptcy proceedings. The allegations of the Complaint do not establish that Judge Naugle has engaged in improper nonjudicial acts or performed judicial acts in the absence of jurisdiction. Therefore, Judge Naugle is entitled to judicial immunity.

Nothing in Plaintiffs' Complaint or opposition papers suggests that Plaintiffs have a legitimate claim that Judge Naugle took non-judicial actions or actions that were beyond the scope of the Judge's jurisdiction. Therefore, the Court dismisses the Complaint against Judge Naugle with prejudice. See Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (affirming dismissal of complaint without leave to amend where the plaintiff had not made any allegations sufficient to overcome judicial and prosecutorial immunities).

The Court also denies leave to amend because it appears that Plaintiffs are engaged in the bad faith conduct of suing judges and courts after they issue rulings that Plaintiffs do not agree with in an attempt to have them disqualified or recused from ongoing or future cases. See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (explaining that bad faith is one of the factors that may be considered in determining the propriety of leave

to amend). Plaintiffs previously sued the "United States of America Eastern District Controlled Bankruptcy Court" and the "Eastern District Federal Court Jurisdiction" in Adversary Proceedings 06-1212, 06-1214, 06-1215, and 06-1198. Plaintiffs' actions resulted in the recusal of Judge Rimel from the adversary proceedings and the Chapter 7 cases and the designation of Judge Naugle, a Bankruptcy Judge from the Central District. Apparently, Plaintiffs are unhappy with Judge Naugle's handling of the bankruptcy cases and wish to remove him from the cases by suing him. Plaintiffs are also displeased with the Ninth Circuit for issuing an order prohibiting Plaintiffs from filing new appeals or petitions without permission of the court (Order filed on 9/26/06, Case No. 06-80096) and have sued the Ninth Circuit as well. This Court will not allow Plaintiffs leave to amend their claims against Judge Naugle because their claims are clearly covered by judicial immunity and are nothing more than an attempt to impede the bankruptcy proceedings.

Because the Court dismisses the Complaint against Judge Naugle on the ground of judicial immunity, the Court need not reach the other grounds for dismissal raised by the United States, including improper service and sovereign immunity.

## IV. CONCLUSION

For the reasons discussed above, the Motion to Dismiss the Complaint [KES-1] as to Judge Naugle is **GRANTED**. The action against Judge Naugle is **DISMISSED WITH PREJUDICE**. The Court finds that there is no just reason for delay and therefore **DIRECTS** the Clerk of the Court to enter final judgment dismissing the claims against Judge Naugle with prejudice pursuant to Fed. R. Civ. P. 54(b).

Judge Moskowitz has completed his limited assignment. The Clerk of the Court shall transmit the remaining matters in this case to such judge as shall be assigned to hear them.

**IT IS SO ORDERED.**

DATED: January 5, 2007

Hon. Barry Ted Moskowitz
United States District Judge