# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMYE A RICHARDSON, MICHAEL A RICHARDSON, ET AL., <br><br> Plaintiffs, <br> vs. <br> NINTH CIRCUIT COURT OF APPEAL, ET AL., <br><br> Defendants. | CASE NO. 1:06cv1852 BTM <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** |

Plaintiffs have filed a "Motion for Order to Reconsider and Vacate Order Granting Motion to Dismiss as to Judge Naugle." For the reasons discussed below, Plaintiffs' motion is **DENIED**.

In the Court's order of January 5, 2007, the Court dismissed Plaintiffs' case against Judge Naugle with prejudice on the ground that Judge Naugle was entitled to judicial immunity. In their motion for reconsideration, Plaintiffs contend that the Court's decision was erroneous because Judge Naugle's acts fell within an exception to judicial immunity. Specifically, Plaintiffs claim that Judge Naugle lacked jurisdiction over property belonging to Rock of Gibraltor, LLC, but nonetheless issued orders and judgments allowing the trustee to collect proceeds from rents and sales of properties belonging to the company.

Plaintiff misunderstands the law regarding the exception to judicial immunity for lack of jurisdiction. "A judge will not be deprived of immunity because the action he took was in

error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)). The issue is whether the judge acted in "the clear absence of *subject-matter* jurisdiction." Bradley, 13 Wall., at 351 (emphasis added). The Supreme Court gives the following illustration of the difference between an act in the clear absence of jurisdiction and an act in excess of jurisdiction:

> [I]f a probate judge, with jurisdiction over only will and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump, 435 U.S. at 357 n. 7 (1978) (citing Bradley, 80 U.S. (13 Wall.) at 352).

Here, Judge Naugle clearly had subject matter jurisdiction over Plaintiffs' bankruptcy proceedings under 28 U.S.C. §§ 151 and 1334. Judge Naugle issued the challenged orders and judgments in the course of handling the bankruptcy cases. Plaintiffs' claim that Judge Naugle improperly issued orders and judgments with respect to the property of Rock of Gibraltor, LLC, concerns alleged acts *in excess* of jurisdiction, not acts *in the clear absence of subject matter jurisdiction*. See Mullis v. United States Bankr. Ct., 828 F.2d 1385 (9th Cir. 1987) (holding that bankruptcy judge who allegedly lacked jurisdiction because the bankruptcy petition was defective and a notice of appeal divested the bankruptcy court of jurisdiction was immune from suit because judge had subject matter jurisdiction over the bankruptcy proceedings); Lingenfelter v. Stoebner, 2005 WL 1225950 (D. Minn. May 23, 2005) (holding that bankruptcy trustees and counsel were entitled to judicial immunity and explaining that "[D]efendants' immunity does not depend on whether the disputed assets were properly included in the bankruptcy estate. Rather, it depends upon whether defendants were performing functions associated with the administration of the bankruptcy estate.")

///

///

Accordingly, the Court did not err in finding that Judge Naugle is entitled to judicial immunity and properly granted the motion to dismiss as to him.

In a document titled "legal authority to sue a bankruptcy judge in answer to assertions made by U.S. attorney on November 29, 2007" filed on January 8, 2007, Plaintiffs challenge the Court's order on other grounds. Plaintiffs allege that for reasons unclear to the Court, the United States Attorney lacks standing to seek dismissal on behalf of Judge Naugle. The Court rejects this argument. As a federal Bankruptcy Judge, Judge Naugle is properly represented by the United States Attorney, and there is no evidence that any conflict of interest prevents that representation. Plaintiffs contend that this Court may have a conflict because it is employed by the Department of Justice. However, district court judges are employed and paid by the Administrative Office of the Courts, not the Department of Justice.

Plaintiffs also suggest that the Court did not have the opportunity to review all relevant papers before ruling on the motion to dismiss as to Judge Naugle. The Court reviewed all of the papers pertaining to the motion that were properly filed as of the date of the Court's order. Plaintiffs have not presented the Court with any documents that they claim should have been filed but were not.

Finally, in a supplemental memorandum of points and authorities, Plaintiffs argue that the United States Attorney's Office does not represent Judge Naugle in his personal capacity and that, therefore, the Court lacked jurisdiction to dismiss him. Plaintiffs are correct that the United States moved to dismiss the claims against Judge Naugle *in his official capacity*. This Court was designated to decide the United States' motion and did not decide any matters outside the scope of the motion. Therefore, the Court clarifies that the action was dismissed as to Judge Naugle in his official capacity only. Whether any claims by Plaintiffs against Judge Naugle in his personal capacity should be dismissed is not before the Court at this time.

For the reasons set forth above, Plaintiffs' motion for reconsideration is **DENIED**. The Court also **DENIES** Plaintiffs' request for oral argument and **VACATES** the hearing set for March 29, 2007. The Court has twice considered the issues raised by the United States'

1. motion to dismiss and has carefully weighed Plaintiffs' arguments in opposition thereto.
2. Therefore, the Court **ORDERS** that no further motions for reconsideration of the Court's order
3. granting the motion to dismiss as to Judge Naugle shall be considered or filed.  Furthermore,
4. Plaintiffs are cautioned that this Court does not have jurisdiction to decide any matters
5. outside of its designation and cannot rule on motions filed by Plaintiffs that exceed the scope
6. of the Court's designation.

**IT IS SO ORDERED.**

DATED: February 22, 2007

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge